UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN IVAN GILSON,

        Plaintiff,

v.                                                         Case No. 18-cv-1121-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

On July 19, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff states that he is married, with one minor daughter. Dkt. No. 2 at 1. The plaintiff lists monthly wages of zero, id. at 2, and says that his spouse is not employed, id. at 1. The plaintiff's sources of income are $1,263 (social security—Kasey) and $472

1

(FoodShare). Id. The plaintiff's monthly expenses are $1,327.88 (mortgage) and $500 (other household expenses). Id. This means that the plaintiff's expenses exceed his income by at least $92.88 per month. The plaintiff states, "[our] families have been helping us out as we need as well as any benefits/resources we make use of." Id. at 4. The plaintiff indicates that he owns a 2004 Chevy Trailblazer worth approximately $1,500, a home worth $140,000 with no available equity, and "0 available balance" in a checking/savings account. Id. at 3. The court concludes from that information that the plaintiff has shown that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

According to the complaint, the decision denying benefits contained errors in the listing discussion, the RFC assessment and the vocational portion. Dkt. No. 1 at 3. The plaintiff's complaint states that the denial decision is non-standard and "non conforming to SSA standards." Id. At this early stage in the case, and based on the information in the complaint, the court

2

concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 26th day of July, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**